# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| VINCE ROWE, *et al.*, | Civil No. 04-4576 (JRT/FLN) |
| Plaintiffs, | |
| v. | **MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |
| JAY FISHMAN, *et al.*, | |
| and | |
| THE ST. PAUL TRAVELERS COMPANIES, INC., | |
| Defendants. | |

Jeffrey P. Fink, **ROBBINS UMEDA & FINK, LLP**, 610 West Ash Street, Suite 1800, San Diego, California 92101 and Garrett D. Blanchfield, Jr., **REINHARDT WENDORF & BLANCHFIELD**, 332 Minnesota Street, Suite E-1250, St. Paul, Minnesota 55101, for plaintiff Vince Rowe.

Peter W. Carter and Marisa A. Hesse, **DORSEY & WHITNEY, LLP**, 50 South Sixth Street, Suite 1500, Minneapolis, Minnesota 55402-1498, for defendants.

Plaintiffs bring this shareholder derivative lawsuit against defendant officers and directors of The St. Paul Travelers Companies, Inc. ("SPT"), asserting claims of breach of fiduciary duty, abuse of control, gross mismanagement, waste of corporate assets, and unjust enrichment. Defendants move to dismiss.

## BACKGROUND

SPT provides commercial property liability insurance products and services to commercial and professional customers in the United States and abroad. SPT was formed through the merger of St. Paul Companies, Inc. ("St. Paul") and Travelers Property Casualty Corp. ("Travelers") on April 1, 2004. The individual defendants are directors of SPT, and most of them previously served on the Board of Directors of St. Paul or Travelers before the merger.

Plaintiffs' allegations of misconduct against defendants fall into three categories. First, plaintiffs allege that defendants failed to perform due diligence and failed to disclose material information related to the merger. For example, plaintiffs claim that defendants "falsely billed the transaction as a merger of equals," when defendants knew that Travelers was paying a large premium to acquire St. Paul, and that the merger was a more of a "bailout" of St. Paul by Travelers. In addition, plaintiffs allege that defendants materially overstated the projected combined earnings and assets of SPT. Plaintiffs claim that defendants knew or recklessly disregarded this information prior to the merger, but did not disclose it until after the merger was complete. Plaintiffs assert that, as a result, SPT suffered a $275 million net loss in its first quarter as a combined entity, and that defendants' conduct caused SPT to lose $6.5 billion in market capitalization.

Second, plaintiffs allege that defendants caused and permitted SPT to participate in illegal "bid-rigging" by conspiring with brokers and other insurers to improperly inflate bids, resulting in higher premiums and commissions for insurers and agents than they would have received in a competitive market. Plaintiffs assert that these actions have exposed SPT to significant liabilities and costs.

Third, plaintiffs allege that defendants caused and permitted SPT to improperly use and account for "finite risk reinsurance." Plaintiffs claim that as a result, SPT's earnings have been inflated, and SPT has been exposed to civil and criminal liability.

Defendants move to dismiss plaintiffs' complaint.

## ANALYSIS

### I. STANDARD OF REVIEW

In a motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff and presumes all facts alleged in the complaint to be true. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Schmedding v. Tnemec Co.*, 187 F.3d 862, 864 (8th Cir. 1999). The Court may dismiss a claim only where the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Casazza v. Kiser*, 313 F.3d 414, 418 (8th Cir. 2002).

### II. DEMAND FUTILITY

Defendants move to dismiss plaintiffs' complaint, arguing that they have not adequately pled demand futility. Plaintiffs have not made a demand on the SPT Board, but claim that demand is excused because it would be futile.[1]

---

[1] Under Federal Rule of Civil Procedure 23.1, the complaint in a derivative action must state with particularity "the efforts, if any, made by the plaintiff to obtain the action plaintiff desires from the directors or comparable authority and . . . the reasons for plaintiff's failure to obtain the action or for not making the effort." Although the pleading requirement is a matter of federal procedure, the determination of whether demand would have been futile is a matter of state law. *Reimel*, 9 F. Supp. 2d at 1065. The parties agree that Minnesota law applies, because SPT is a Minnesota corporation.

A shareholder derivative suit is considered "an extraordinary remedy available to the shareholder as the corporation's representative only when there is no other road to redress." *Winter v. Farmers Educ. & Coop. Union of America*, 107 N.W.2d 226, 233 (Minn. 1961); *see also Reimel v. MacFarlane*, 9 F. Supp. 2d 1062, 1065 (D. Minn. 1998) (quoting *Winter*). Therefore, a shareholder must generally make a demand for relief to the board of directors before bringing a derivative action on behalf of a corporation:

> The demand upon the managing directors and shareholders is important in that it gives the management of the corporation an opportunity to consider the merits of the dispute and to determine, in the interests of the corporation and shareholders, whether it might be disposed of without the expense and delay of litigation. The demand requirement as a condition precedent to a shareholder's derivative suit is one not lightly to be dispensed with.

*Winter*, 107 N.W.2d at 233 (internal quotations omitted).

However, the demand requirement is excused if the plaintiff can show that demand on the board would be "futile." *Winter*, 107 N.W.2d at 234; *see also Haberle ex rel. Gander Mountain Co. v. Baker*, 2005 WL 2105543, at *3 (D. Minn. Aug. 30, 2005). In order to successfully plead demand futility, a plaintiff must set forth allegations showing that the corporation's board is "so conflicted" that it cannot properly respond to a demand, or that there is "no possibility" that the board would respond to a demand. *In re Xcel Energy, Inc.*, 222 F.R.D. 603, 607-08 (D. Minn. 2004); *Reimel*, 9 F. Supp. 2d at 1066. In the absence of such allegations, a plaintiff will not be excused from the demand requirement. For example, in *Haberle*, the plaintiff asserted that demand was futile based on a number of circumstances, including the fact that (1) a majority of the board of directors was accused of wrongdoing, and (2) most of the board members had current or past business, personal, and employment relationships. *Haberle*, 2005 WL 2105543, at

*3. The Court held that demand was not futile, noting that most of the plaintiff's allegations were "generic and could be alleged against almost any board of directors in a derivative suit." *Id.*

Plaintiffs here base their claim of demand futility on their allegations that most of defendants have current or past business, personal, or employment relationships with each other, SPT's predecessors, or SPT itself. For example, plaintiffs claim that two of the defendants previously served together on the board of Northwest Airlines, two other defendants are also lawyers with law firms that work for SPT, and another defendant owns a company that leases a private jet to SPT.

Presuming these allegations as true, as the Court must in a motion to dismiss, the Court finds that the allegations are insufficient to show that demand would be futile. Here, as in *Haberle*, the allegation that most of the board members have current or past business, personal, and employment relationships with the company is "generic" and could be alleged against almost any board of directors in a derivative suit. *Haberle*, 2005 WL 2105543, at *3. Because plaintiffs have not made a demand on the Board of SPT, and because they have not pled allegations showing that demand would be futile, the Court dismisses the action without prejudice.

### III.   CONTEMPORANEOUS OWNERSHIP REQUIREMENT

Defendants also argue that the complaint should be dismissed with respect to pre-merger conduct because plaintiffs have failed to allege that they were shareholders in the predecessor companies.

The plaintiff in a derivative action must have been a shareholder at the time of the transaction that leads to the complaint. Minn. R. Civ. P. 23.06; *PJ Acquisition Corp. v. Skoglund*, 453 N.W.2d 1, 5 (Minn. 1990). Plaintiffs seek damages for conduct beginning in January 2000 by SPT's predecessors and continuing through to SPT and the present day. Therefore, to have standing to bring a derivative action, plaintiffs must have been shareholders of SPT and its predecessors at the time of the alleged misconduct. *See In re Cendant Corp. Derivative Action Litigation*, 189 F.R.D. 117, 137 (D.N.J. 1999) (holding plaintiff lacked standing because plaintiff did not allege that he owned stock in the predecessor company at the time of the alleged wrongs); *Brambles USA, Inc. v. Blocker*, 731 F. Supp. 643, 652 (D. Del. 1990) (same).[2]

In their complaint, plaintiffs allege that they are shareholders of SPT "at all relevant times." Although this allegation is not as clear as it could be, it comes close to meeting the pleading requirements necessary to withstand a motion to dismiss. The Court requests plaintiffs, if they re-file their complaint, to clarify their contemporaneous stock ownership at that time.

## IV. JUSTICIABILITY AND RIPENESS

Defendants argue that plaintiffs' claims should be dismissed for lack of justiciability. Defendants contend that plaintiffs' claims are not justiciable because they have only alleged facts showing a breach of the duty of care, and that because the

---

[2] Plaintiffs argue for application of the "continuing wrong" doctrine under *PJ Acquisition Corp. v. Skoglund*, 453 N.W.2d 1, 4-7, 15 (Minn. 1990). However, *PJ Acquisition* considered the continuing wrong application in the context of a single company – not in the context of a company and its predecessor company.

Directors are fully indemnified by SPT for that claim, there is "no point" to a corporation collecting money from itself. In addition, defendants assert that plaintiffs' complaint must be dismissed because the claim for damages is not ripe.

Although the Court is dismissing the action without prejudice for failure to plead demand futility, the Court notes that defendants' justiciability and ripeness arguments are without merit. Contrary to defendants' contention, plaintiffs have set forth sufficient factual allegations in support of their claims that defendants breached not only the duty of care, but also the duties of loyalty and good faith, for which the Directors are not indemnified. As to ripeness, damages are available for these claims once the breach occurs. *See*, *e.g.*, *Blackburn, Nickels & Smith, Inc. v. Erickson*, 366 N.W.2d 640, 645 (Minn. Ct. App. 1985).

**ORDER**

Based on the foregoing, all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that defendants' motion to dismiss [Docket No. 13] is **GRANTED**, and that plaintiffs' amended complaint [Docket No. 10] is **DISMISSED without prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: March 23, 2006        s/ John R. Tunheim
at Minneapolis, Minnesota.        JOHN R. TUNHEIM
       United States District Judge