UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

------------------------------------------------------------x
VINCE ROWE, *et al.*          : Lead Case No.: 04-cv-4576 JRT-FLN
                              :
                Plaintiffs, :
                              :
   vs.                        :
                              :
JAY S. FISHMAN, *et al.*      :
                              :
                Defendants, :
  - and –                    :
                              :
THE ST. PAUL TRAVELERS COMPANIES, :
INC., a Minnesota Company,    :
                              :
          Nominal Defendant.:
                              :
------------------------------------------------------------x

## STIPULATION AND AGREEMENT OF COMPROMISE, SETTLEMENT, AND RELEASE

This Stipulation and Agreement of Compromise, Settlement, and Release dated as of November 1, 2006 (the "Stipulation"), together with the Corporate Governance Provisions, attached as Exhibit A, as well as the Prior Benefits And Corporate Governance Provisions, attached as Exhibit B, is made and entered into by and among the parties to this stockholder derivative action (the "Action"), by their undersigned attorneys.

WHEREAS:

    A.    On October 22, 2004, Plaintiff Vince Rowe filed a stockholder derivative complaint, *Rowe, et al. v. Fishman, et al.*, No. 04-4576 (JRT/FLN) ("*Rowe*"), in the United States District Court for the District of Minnesota (the "Court") purportedly on

behalf of The St. Paul Travelers Companies, Inc. ("SPT" or the "Company"), a corporation organized under the laws of Minnesota with its principal place of business in St. Paul, Minnesota.

B.   On November 18, 2004, Plaintiff Marilyn Clark filed a stockholder derivative complaint, Clark, et al. v. Fishman, et al., No. 04-4826 (ADM/AJB) ("Clark"), in the Court purportedly on behalf of SPT.

C.   On January 10, 2005, Rowe and Clark were consolidated for pretrial proceedings.

D.   On April 11, 2005, Plaintiffs Rowe and Clark (together, "Plaintiffs") filed a consolidated derivative complaint (the "Complaint"), purportedly on behalf of SPT, alleging claims against Defendant Jay S. Fishman, SPT's Chief Executive Officer and current Chairman of SPT's Board of Directors; Defendant Robert I. Lipp, the former Chairman and a current member of SPT's Board of Directors; and several past or present members of SPT's Board of Directors: Defendants Howard P. Berkowitz, Kenneth J. Bialkin, Carolyn H. Byrd, John H. Dasburg, Leslie B. Disharoon, Janet M. Dolan, Kenneth M. Duberstein, Lawrence G. Graev, Meryl D. Hartzband, Thomas R. Hodgson, William H. Kling, James A. Lawrence, Blythe J. McGarvie, Glen D. Nelson, Clarence Otis, Jr., Jeffrey M. Peek, Nancy A. Roseman, Charles W. Scharf, Gordon M. Sprenger, Frank J. Tasco, and Laurie J. Thomsen (collectively, the "Individual Defendants"). The Complaint also named SPT as a nominal defendant. The Individual Defendants and Nominal Defendant SPT are hereinafter collectively referred to as "Defendants."

E.  The Complaint alleged that, between January 2000 through the date of the Complaint (the "Relevant Period"), the Individual Defendants committed various state law violations, including breaches of fiduciary duties, abuse of control, gross mismanagement, waste of corporate assets, and unjust enrichment, by causing and/or permitting the Company to engage in "unlawful bid-rigging, improper finite reinsurance practices and unlawful accounting methodologies and practices with respect to calculating reserves," all of which allegedly subjected SPT to millions of dollars in criminal and civil liability.

F.  The pending federal securities class action styled *In re St. Paul Travelers Securities Litigation II*, No. 04-CV-4697 (JRT/FLN) (D. Minn.), and the settled securities class action styled *In re St. Paul Travelers Securities Litigation I*, No. 04-2801 (JRT/FLN) (D. Minn.) (together, "the Securities Actions"), previously made many of the same allegations alleged in the Action.

G.  On June 10, 2005, Defendants filed a Motion to Dismiss the Amended Complaint ("Motion to Dismiss") based on, among other grounds, the failure to plead demand futility. Defendants' Motion to Dismiss was granted by the Court on March 23, 2006 "without prejudice" and judgment was entered on March 30, 2006. On April 11, 2006, Plaintiffs filed a Motion to Alter or Amend the Judgment and for Leave to File an Amended Complaint (the "Motion to Alter"). Defendants opposed the Motion to Alter, and it remains pending.

H.  Plaintiffs, through their counsel, Lerach Coughlin Stoia Geller Rudman & Robbins LLP; Robbins, Umeda & Fink, LLP; Barrett, Johnson & Parsley; Reinhardt

3

Wendorf & Blanchfield; and The Spence Law Firm (collectively, "Plaintiffs' Counsel") have, over the last two years, with the assistance of experts, conducted a thorough factual and legal investigation relating to the claims and the underlying events alleged in the Complaint, closely monitored the Securities Actions, reviewed public documents, and analyzed the legal principles applicable to Plaintiffs' claims and the potential defenses thereto. As a result, Plaintiffs and Plaintiffs' Counsel have concluded that they have obtained adequate information to enter into this Stipulation on a fully informed basis.

I. Plaintiffs' Counsel engaged in extensive arms-length negotiations with counsel for Defendants with the purpose of achieving the benefits set forth in this Stipulation. Those negotiations occurred over many months and included multiple teleconferences and extensive correspondence. Although Plaintiffs believe they have standing based on demand futility and that their substantive claims have merit, they recognize the substantial costs, risks, and uncertainties inherent in proceeding further in this Action. Plaintiffs and Plaintiffs' Counsel therefore desire to enter into the Settlement on the terms and conditions hereinafter set forth, believing it to be reasonable, adequate, and in the best interests of SPT and its stockholders.

J. Defendants have denied, and continue to deny, each and every allegation of liability and wrongdoing on their part, maintain that Plaintiffs lack standing to bring these claims based on their failure to make a demand, contend that the Motion to Alter is without merit, and further assert that the claims asserted against them in both the Complaint and the proposed Amended Complaint are without merit and fail to state a cause of action. Defendants deny that they breached any duty, violated any law, or

engaged in wrongdoing of any form; and believe that they have strong factual and legal defenses to all claims alleged. Defendants have agreed to this Stipulation and the Settlement provided herein solely in order to fully and finally settle and dispose of all claims that have been or could have been raised in the Action and to avoid the continuing burden, expense, inconvenience, and disruption caused by protracted litigation.

K.  The parties have thus voluntarily agreed, after consultation with competent legal counsel, to settle the Action and put the Released Claims (as defined below) to rest, finally and forever. The parties and their counsel believe that the Settlement embodied in this Stipulation is fair, reasonable, and adequate and in the best interests of the Company and its stockholders.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among the parties through their undersigned attorneys, as follows:

## DEFINITIONS

1.  As used in this Stipulation, the following terms shall have the following meanings:

   (a)  "Effective Date" means the date upon which the Settlement contemplated by this Stipulation shall become effective, as set forth in Paragraph 15 below.

   (b)  "Excluded Claims" means any claim, counterclaim, cross-claim, or affirmative defense asserted by the parties in (1) *In re St. Paul Travelers Securities Litigation II*, No. 04-CV-4687 (JRT/FLN) (D. Minn); (2) *Spiziri v. The St. Paul Travelers Companies, Inc.*, No. 04-CV-5096 (D. Minn.); and (3) *In re Insurance Brokerage Antitrust Litigation*, MDL No. 1663, No. 04-5184 (FSH) (D.N.J.).

   (c)  "Final" as to any order or judgment means (1) that the time has expired to file an appeal or motion for reargument or petition for a writ of certiorari without any timely appeal, motion for reargument, or petition for certiorari

having been made, or (2) a timely appeal has been made from that order or judgment and it has been affirmed with no further right of appeal or reargument because the time for further appeal or reargument has expired or a petition for a writ of certiorari has been denied, or (3) if, following an appeal, a timely petition for a writ of certiorari has been granted, and the order has been affirmed.

(d) "Notice Administrator" means Garden City Group, Inc., or such other notice administrator as the parties may agree.

(e) "Order and Final Judgment" means the proposed order to be entered approving the Settlement and dismissing the Action with prejudice substantially in the form attached hereto as Exhibit C.

(f) "Plaintiffs' Lead Counsel" for purposes of this Settlement is Lerach Coughlin Stoia Geller Rudman & Robbins LLP.

(g) "Preliminary Order" means the [Proposed] Preliminarily Order Approving the Settlement and Notice substantially in the form attached hereto as Exhibit D.

(h) "Released Parties" means (1) the Individual Defendants and each of their respective families, heirs, executors, trustees, personal representatives, estates or administrators, attorneys, insurers, reinsurers, counselors, and financial or investment advisors; (2) SPT, The St. Paul Companies, Inc. ("SPC"), and Travelers Property Casualty Corp. ("TPC") and any of their respective predecessors, parents, subsidiaries, present or former officers, directors, employees, coventurers, agents, attorneys, insurers, reinsurers, representatives and affiliates (within the meaning of Rule 12b-2 of the Securities Exchange Act of 1934), successors, and assigns

(i) "Released Claims" means every derivative or direct claim, right, cause of action, and right to seek recovery for liabilities, damages, losses, attorneys fees, costs, or expenses, whether suspected or unsuspected, matured or not matured, including both known and Unknown Claims, and whether based upon federal, state, or local statutory or common law, or any other rule or regulation that (i) has been, or could have been, asserted against the Released Parties by Plaintiffs, derivatively, or could have been alleged by SPT directly, including, without limitation, claims relating to the granting of stock options or disclosures concerning stock options; and (ii) arises out of, or is in any way based upon, connected with or related to any fact, matter, practice, conduct, transaction, prospectus, registration statement, proxy statement, annual report, quarterly earnings report, press release or other report, or other publicly disseminated documents or public statements of SPT alleged in the Complaint or that could have been alleged in the

Complaint relating to any period prior to the Effective Date. Released Claims shall not include Excluded Claims.

(j) "Released Defendants' Claims" means any and all claims, rights, or causes of action or liabilities whatsoever, whether based on federal, state, local, statutory, or common law or any other law, rule, or regulation, including both known claims and Unknown Claims, that have been or could have been asserted in the Action or as a result of the Action, in any forum by Defendants, their heirs, executors, representatives, successors, or assigns against any of the Plaintiffs or their attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of the Action (except for claims to enforce the Settlement).

(k) "Releasing Parties" means (1) Plaintiffs, their heirs, executors, administrators, successors, and assigns; (2) all SPT Stockholders; and (3) SPT in its own right and on behalf of any predecessor companies, including SPC and TPC.

(l) "Settlement" means the settlement contemplated by this Stipulation.

(m) "Settlement Notice" means the Notice of Proposed Settlement of Stockholder Derivative Action and Settlement Hearing, which is to be sent to the SPT Stockholders substantially in the form attached as Exhibit 1 to Exhibit D.

(n) "Summary Notice" means the Summary Notice of Proposed Settlement of Stockholder Derivative Action and Settlement Hearing, which is to be published once in the national edition of *The Wall Street Journal*, and the local edition of *The St. Paul Pioneer Press* in the form attached as Exhibit 2 to Exhibit D.

(o) "SPT Stockholders" means any and all beneficial holders of SPT's common stock as of the date of this Stipulation and each of their respective heirs, executors, administrators, successors, and assigns;

(p) "Unknown Claims" means any and all Released Claims that any Releasing Party does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties and any Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her, or its favor, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement. With respect to any and all Released Claims and Released Defendants' Claims, the parties stipulate and agree that upon the Effective Date, the Plaintiffs and Defendants shall expressly waive and each SPT Stockholder shall be deemed to have, and by operation of the Order and Final Judgment shall have, expressly waived any

and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to Cal. Civ. Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

Plaintiffs and Defendants acknowledge that the inclusion of Unknown Claims in the definition of Released Claims and Released Defendants' Claims was separately bargained for and was a key element of the Settlement.

## **CORPORATE GOVERNANCE PROVISIONS**

2. Within 90 days after entry by the Court of the Order and Final Judgment approving the Settlement, the board of directors of the Company (the "Board") shall adopt the corporate governance provisions set forth in Exhibit A attached hereto (the "Corporate Governance Provisions"), which shall remain in place in accordance with the terms of Exhibit A; *provided however* that any Corporate Governance Provisions that require the approval of SPT stockholders shall only become effective as of such stockholder approval.

3. Defendants acknowledge that the filing and prosecution of the Action substantially contributed to the adoption of the Corporate Governance Provisions, as well as the corporate governance changes adopted following the commencement of the Action in October 2004 (the "Prior Benefits And Corporate Governance Provisions"), attached as Exhibit B.

## RELEASES AND ENTRY OF FINAL JUDGMENT OF DISMISSAL

4.   The obligations incurred in this Stipulation shall be in full and final disposition of the Action, any and all Released Claims against any and all Released Parties, and any and all Released Defendants' Claims against Plaintiffs and their attorneys.

5.   Subject to paragraph 20 of this Stipulation, upon the Effective Date of the Settlement, the Releasing Parties fully, finally, and forever release, relinquish, and discharge, shall forever be enjoined from prosecuting, and covenant not to prosecute in any forum or in any manner, any and all Released Claims against each and every one of the Released Parties.

6.   Upon the Effective Date of the Settlement, each of the Defendants, on behalf of themselves and the Released Parties, shall release and forever discharge, shall forever be enjoined from prosecuting, and covenant not to prosecute in any forum or in any manner, the Released Defendants' Claims against Plaintiffs or their attorneys.

7.   Nothing in this Stipulation impairs or restricts the rights of the parties to enforce the terms of the Stipulation and Settlement.

8.   As soon as practicable after the execution of this Stipulation, the parties shall jointly apply for a Preliminary Order which will:

(a)   set a date for a hearing ("Settlement Hearing") to determine whether the Settlement should be approved pursuant to Federal Rule of Civil Procedure 23.1 as reasonable, adequate, and in the best interests of SPT and to consider other matters;

(b)   approve the form of Settlement Notice;

(c) set forth the method for providing notice to SPT's stockholders of the proposed Settlement and the Settlement Hearing;

(d) approve the form of the Summary Notice and set forth the means of publication of Summary Notice;

(e) find that the methods of providing notice that are set forth in the Preliminary Order constitute the best notice practicable under the circumstances and meet all the requirements of Federal Rule of Civil Procedure 23.1 and due process.

9. SPT will be responsible for and will cause to be paid the costs of printing and mailing the Settlement Notice (Exhibit 1 to Exhibit D) and publication of the Summary Notice (Exhibit 2 to Exhibit D). Under no circumstances shall Plaintiffs or the Individual Defendants be responsible for the costs of printing, mailing, or publishing notice or any related expenses.

10. If the Settlement is approved by the Court at or after the Settlement Hearing, the parties hereto shall jointly request that the Court enter the Order and Final Judgment.

## ATTORNEYS' FEES

11. As part of the Settlement set forth herein, and after reaching agreement on the terms of the Settlement, the parties reached an agreement that Defendants would pay or cause to be paid the sum of $5.25 million to Plaintiffs' Counsel as attorneys fees and expenses (the "Fee Award"), subject to Court approval and paragraph 12.

12. No later than ten business days after the Order and Final Judgment is executed by the Court, Defendants shall cause the Fee Award to be paid to Plaintiffs' Lead Counsel on behalf of SPT's stockholders, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on

the Settlement or any part thereof. The payment of this Fee Award is subject to Plaintiffs' Counsel's obligation to make appropriate refunds or repayments to Defendants or their insurers, with interest earned, within five business days after written notice by Defendants' counsel of any appeal and/or further proceedings on remand, or successful collateral attack, in which the Settlement or Fee Award is reduced, modified, or reversed.

13. Other than as provided herein, neither SPT nor any other Defendant shall have any responsibility for, interest in, or liability whatsoever with respect to

(a) payment of any costs, attorneys fees, or expenses incurred by Plaintiffs or Plaintiffs' Counsel in the Action;

(b) any act, omission, or determination of the Notice Administrator, Plaintiffs' Counsel, or any designees of Plaintiffs' Counsel or the Notice Administrator;

(c) any act, omission, or determination of Plaintiffs' Counsel or their designees or agents in connection with the administration of the Settlement.

14. The allowance or disallowance by the Court of all or any part of Plaintiffs' Counsel's fees, as described in Paragraph 11, is not a term or condition of the Settlement set forth in this Stipulation. Any order or proceeding relating thereto, or any appeal from any such order, shall not operate to terminate or cancel this Stipulation.

## EFFECTIVE DATE OF SETTLEMENT, WAIVER OR TERMINATION

15. The effectiveness of the Settlement shall be expressly conditioned upon the entry by the Court of an Order and Final Judgment substantially in the form annexed hereto as Exhibit C and such Order and Final Judgment having become Final without material modification on reargument or appeal.

16. The Effective Date of the Settlement shall be the first date when the Order and Final Judgment has been entered by the Court in the Action and becomes Final without material modification on reargument or appeal.

17. If the condition identified in paragraph 15 fails to occur, then any of Parties may terminate the Stipulation and withdraw from the Settlement by providing written notice of such action to undersigned counsel for all of the parties within thirty days after the failure of such condition. In the event that the Settlement is not approved or is terminated, the proposed Settlement and any actions taken in connection therewith shall be vacated and terminated and shall become null and void for all purposes, and all negotiations, transactions, and proceedings connected with it: (i) shall be without prejudice to the rights of any party hereto; (ii) shall not be deemed to be or construed as evidence of, or an admission by any party of, any fact, matter, or thing; and (iii) shall not be admissible in evidence or be used for any purpose in any subsequent proceedings in the Action or any other action or proceeding. The parties to this Stipulation shall be deemed to have reverted to their respective status in the Action as of the date and time immediately prior to the execution of this Stipulation, and, except as otherwise expressly provided, the parties shall proceed in all respects as if this Stipulation and any related Orders had not been entered.

## MISCELLANEOUS PROVISIONS

18. This Stipulation, whether or not consummated, and any proceedings taken pursuant to it:

   (a) shall not be offered or received against Defendants as evidence of, or be construed as or deemed to be evidence of any presumption, concession, or

12

admission by any of the Defendants with respect to the truth of any fact alleged by any of the Plaintiffs, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of the Defendants;

(b)  shall not be offered or received against Defendants as evidence of a presumption, concession, or admission with respect to any liability or the amount of any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason as against any of the Defendants, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation, provided, however, that if this Stipulation is approved by the Court, Defendants may refer to it to effectuate the liability protection granted them hereunder and it may be admissible in any subsequent proceedings regarding Defendants' applicable insurance coverage;

(c)  shall not be construed against Defendants as an admission or concession that the consideration to be given hereunder represents the relief that could be or would have been granted after trial; and

(d)  shall not be construed as or received in evidence as an admission, concession, or presumption against Plaintiffs that any of their claims are without merit, or that any defenses asserted by the Defendants have any merit, or that damages were not recoverable for the claims alleged in the Complaint.

19. Except as provided in paragraph 20, this Stipulation, which includes the Corporate Governance Provisions set forth in Exhibit A and the Prior Benefits And Corporate Governance Provisions set forth in Exhibit B, and all other Exhibits attached hereto and incorporated by reference herein, contains the full, complete, and integrated agreement of the parties and supersedes all prior oral and written communications or agreements as to its subject matter. This Stipulation may not be amended or any of its provisions waived except by a writing executed by or on behalf of all signatories hereto.

13

20. Notwithstanding paragraph 19 above or anything else in this Stipulation, nothing in this Stipulation alters, amends, supersedes, waives, or ratifies, or purports to alter, amend, supersede, waive, or ratify, in all or in part, the following: (1) the indemnity and advancement provisions of SPT's by-laws or articles of incorporation; or (2) any written agreements by and between SPT (or its predecessors) and the Individual Defendants herein.

21. This Stipulation may be executed in two or more counterparts, which may be executed by facsimile signature, each of which shall be deemed to be an original and all of which shall constitute one and the same document.

22. All persons executing this Stipulation hereby represent that they have been duly authorized and empowered to do so.

23. The parties to this Stipulation and their attorneys agree to cooperate fully with one another in seeking Court approval of this Stipulation, including in connection with any appeals, and to use their reasonable efforts to consummate the Settlement provided for in this Stipulation.

24. Without further order of the Court, the parties hereto may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation.

25. Plaintiffs and Plaintiffs' Counsel represent and warrant that none of the claims or causes of action asserted by them in the Action has been assigned, encumbered, or in any manner transferred, in whole or in part.

IN WITNESS THEREOF, the Settling Parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated as of November 1, 2006.

SIMPSON THACHER & BARTLETT LLP

*[signature]*

Paul C. Curnin
Michael J. Garvey
425 Lexington Avenue
New York, NY 10017-3954
Telephone: (212) 455-2000

*Attorneys for Defendants*

LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP

*[signature]*

Darren J. Robbins
Douglas R. Britton
Amber L. Eck
Brian O. O'Mara
655 W. Broadway, Suite 1900
San Diego, CA 92101
Telephone: (619) 231-1058

*Lead Counsel for Plaintiffs*

ROBBINS, UMEDA & FINK, LLP
Jeffrey P. Fink
610 West Ash Street, Suite 1800
San Diego, CA 92101
Telephone: (619) 525-3990

BARRETT, JOHNSTON & PARSLEY
George E. Barrett
Douglas S. Johnston, Jr.
Timothy S. Miles
217 Second Avenue, North
Nashville, TN 37201-1601
Telephone: (615) 244-2202

*Attorneys for Plaintiffs*

REINHARDT WENDORF & BLANCHFIELD
Garrett D. Blanchfield, Jr.
Francis E. Baillon
E-1250 First National Bank Building
332 Minnesota Street
St. Paul, MN 55104
Telephone: (651) 287-2100

THE SPENCE LAW FIRM
Russell M. Spence
10 South Fifth Street, Suite 300
Minneapolis, MN 55402
Telephone: (612) 375-1555

*Co-Liaison Counsel for Plaintiffs*

CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

    s/ BRIAN O. O'MARA
    BRIAN O. O'MARA

    LERACH COUGHLIN STOIA GELLER
        RUDMAN & ROBBINS LLP
    655 West Broadway, Suite 1900
    San Diego, CA  92101
    Telephone:  619/231-1058
    619/231-7423 (fax)
    E-mail:briano@lerachlaw.com

# Mailing Information for a Case 0:04-cv-04576-JRT-FLN

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Frances E Baillon**
  baillon@halunenlaw.com vocke@halunenlaw.com

- **George E Barrett**
  gbarrett@barrettjohnston.com

- **Garrett D Blanchfield, Jr**
  g.blanchfield@rwblawfirm.com k.schulte@rwblawfirm.com

- **Peter W Carter**
  carter.peter@dorsey.com stalock.cynthia@dorsey.com

- **Michael J Chepiga**
  mchepiga@stblaw.com

- **Paul C Curnin**
  pcurnin@stblaw.com

- **Amber L Eck**
  ambere@lerachlaw.com e_file_sd@lerachlaw.com

- **Jeffrey P Fink**
  fink@ruflaw.com maytorena@ruflaw.com

- **Michael J Garvey**
  mgarvey@stblaw.com

- **Marisa A Hesse**
  hesse.marisa@dorsey.com schallenberger.dyana@dorsey.com;johnson.lisa@dorsey.com

- **David H LaRocca**
  dlarocca@stblaw.com

- **Timothy L Miles**
  tmiles@barrettjohnston.com

- **Brian O O'Mara**
  briano@lerachlaw.com kirstenb@lerachlaw.com

- **Rachel K Paulose**

- **Russell M Spence, Jr**
  mspence@spencelawfirm.com mbeeman@spencelawfirm.com

**Manual Notice List**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

`Brian-NA J Robbins`
`Not Admitted`