UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

VINCE ROWE, *et al.*,                                    Civil No. 04-4576 (JRT/FLN)

                Plaintiffs,

v.

JAY S. FISHMAN, *et al.*,
                                            **ORDER AND
                Defendants,                      FINAL JUDGMENT**

and

THE ST. PAUL TRAVELERS COMPANIES,
INC., f/n/a The St. Paul Companies, Inc.

                Nominal defendant.

---

Ellen G. Stewart, **LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS, LLP**, 655 West Broadway, Suite 1900, San Diego, CA 92101; Garrett D. Blanchfield, Jr., **REINHARDT WENDORF & BLANCHFIELD**, E1250 First National Bank Building, 332 Minnesota Street, St. Paul, MN 55101; Jeffrey P. Fink, **ROBBINS UMEDA & FINK, LLP**, 610 West Ash Street, Suite 1800, San Diego, CA 92101, for plaintiffs.

Marisa A. Hesse, **DORSEY & WHITNEY, LLP**, 50 South Sixth Street, Suite 1500, Minneapolis, MN 55402-1498, for defendants.

This matter came before the Court for hearing pursuant to an Order dated March 17, 2007 (the "Preliminary Approval Order"), on the application of the parties for approval of the settlement in this putative stockholder derivative action (the "Action") on the terms provided for in the Stipulation and Agreement of Compromise, Settlement, and Release dated November 1, 2006 (the "Stipulation"); and

The Court having received and considered evidence of due and adequate notice having been given to holders of the common stock of The St. Paul Travelers Companies, Inc., ("SPT" or the "Company") as of March 17, 2007 (the "Record Date"), as required in the Preliminary Approval Order, and following such notice, a hearing having been held before this Court on May 22, 2007 (the "Settlement Hearing") to determine the matters contemplated in the Order and Final Judgment; and

The Court having considered all papers and filings in connection with the Settlement, including the objection of Stephen A. Hochman dated May 21, 2007, and otherwise being fully informed of the premises and good cause appearing for the Settlement, and all capitalized terms used herein having the meanings as set forth and defined in the Stipulation:

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT**:

1. The Settlement is, in all respects, fair, reasonable, and adequate, is in accordance with Rule 23.1 of the Federal Rules of Civil Procedure and is in the best interests of SPT and should be approved. Accordingly, the Settlement is approved and shall be consummated in accordance with the terms and conditions provided in the Stipulation.

2. The Court finds that the notice to SPT stockholders that was required under the Preliminary Approval Order has been provided. The notice that was provided included the mailing to record holders of SPT common stock as of the Record Date of a copy of the Notice of Settlement of Stockholder Derivative Action and Settlement

Hearing ("Notice"); the mailing to all brokerage firms, banks, institutions, and other nominees (the "Nominees") who, according to SPT's stock transfer records, owned SPT common stock as of the Record Date or held such stock for the benefit of others; the provision of additional copies of the Notice to nominees that requested them for the purpose of forwarding the Notice to beneficial owners, or the forwarding of the Notice to beneficial owners at the request of nominees; and the publication of the Summary Notice in the national edition of *The Wall Street Journal*, and the local edition of *The St. Paul Pioneer Press* on April 6, 2007.

3. The notice given to SPT stockholders as described in the preceding paragraph constitutes the best notice practicable under the circumstances and satisfies the requirements of Federal Rule of Civil Procedure 23.1 and due process.

4. Plaintiffs are stockholders of SPT and are recognized to be adequate representative plaintiffs for the purpose of bringing and prosecuting a stockholder derivative claim under Minnesota law and under Federal Rule of Civil Procedure 23.1.

5. The objections filed by Stephen A. Hochman in a letter dated May 21, 2007, are overruled. The Court finds that the enhanced corporate governance provisions are a direct result of this litigation and settlement and will create substantial non-monetary benefits to SPT. The Court further finds that the settlement release is not overbroad, as it relates to the claims that arise or that could arise from the allegations in the plaintiff's complaint. Moreover, the attorneys' fees are a product of arms-length negotiations between the parties, and are reasonable when compared to the benefits conferred upon SPT shareholders by the terms of the settlement. For these reasons, the

Court finds that the settlement is fair, reasonable, and adequate and overrules the objections of Stephen A. Hochman.

6. The Action is dismissed with prejudice and without costs (except as provided in the Stipulation), provided that this Order and Final Judgment shall be without prejudice to, and shall in no way affect the following claims:

(a) any claim, counterclaim, cross-claim, or affirmative defense asserted by the parties in *In re St. Paul Travelers Securities Litigation II*, No. 04-CV-4697 (JRT/FLN) (D. Minn.);

(b) any claim, counterclaim, cross-claim, or affirmative defense asserted by the parties in *Spiziri v. The St. Paul Travelers Companies, Inc.*, No. 04-CV-5096 (JRT/FLN) (D. Minn.); and

(c) any claim, counterclaim, cross-claim, or affirmative defense asserted by the parties in *In re Insurance Brokerage Antitrust Litigation*, MDL No. 1663, No. 04-5184 (FSH) (D.N.J.).

7. For good and sufficient consideration, plaintiffs, their heirs, executors, administrators, successors, and assigns, all SPT stockholders, and SPT in its own right and on behalf of any predecessor companies, including The St. Paul Companies, Inc. ("SPC") and Travelers Property Casualty Corp. ("TPC") (collectively, the "Releasing Parties") shall be deemed to have fully, finally, and forever released, relinquished, and discharged, be forever enjoined from prosecuting and covenant not to prosecute in any forum or in any manner every derivative or direct claim, right, cause of action, and right to seek recovery for liabilities, damages, losses, attorneys' fees, costs, or expenses,

whether suspected or unsuspected, matured or not matured, including both known and Unknown Claims, and whether based upon federal, state, or local statutory or common law, or any other rule or regulation that: (i) has been, or could have been, asserted in the Action against the Released Parties by plaintiffs, derivatively, or could have been alleged by SPT directly, including, without limitation, claims relating to the granting of stock options or disclosures concerning stock options; and (ii) arises out of, or is in any way based upon, connected with, or related to any fact, matter, practice, conduct, transaction, prospectus, registration statement, proxy statement, annual report (initial or restated), quarterly earnings report (initial or restated), press release, or other report, or other publicly disseminated documents or public statements of SPT alleged in the complaint or that could have been alleged in the complaint relating to any period prior to the date upon which the Settlement shall become effective (the "Effective Date").

8. The Individual Defendants and each of their respective families, heirs, executors, trustees, personal representatives, estates or administrators, attorneys, insurers, reinsurers, counselors, and financial or investment advisors, and SPT, SPC, and TPC and any of their respective predecessors, parents, subsidiaries, present or former officers, directors, employees, co-venturers, agents, attorneys, insurers, reinsurers, representatives and affiliates (within the meaning of Rule 12b-2 of the Securities Exchange Act of 1934), successors, and assigns (collectively, the "Released Parties") shall be deemed to have fully, finally and forever released, relinquished, and discharged, be forever enjoined from prosecuting and covenant not to prosecute in any forum or in any manner any and all claims, rights, or causes of action or liabilities whatsoever, whether based on federal,

state, local, statutory, or common law or any other law, rule, or regulation, including both known claims and Unknown Claims, that have been or could have been asserted in the Action or any forum by defendants, their heirs, executors, representatives, successors, or assigns against any of the plaintiffs or their attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of the Action (except for claims to enforce the Settlement and any claim by SPT in its own right or on behalf of any predecessor companies, including SPC and TPC, or by any Released Party against any insurer of SPT, SPC, TPC or such Released Party). Each of the defendants, on behalf of themselves and the Released Parties, shall release and forever discharge any and all claims, rights, or causes of action or liabilities whatsoever, whether based on federal, state, local, statutory, or common law or any other law, rule, or regulation, including both known claims and Unknown Claims, that have been or could have been asserted in the Action or any forum by the defendants or any of them or the heirs, executors, representatives, successors, or assigns of any of them against any of the plaintiffs or their attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of the Action (except for claims to enforce the Settlement) ("Released Defendants' Claims").

9. Each and every stockholder of SPT and SPT in its own right are forever barred and enjoined from asserting, alleging, instituting, commencing, prosecuting, or continuing, either directly, derivatively, or otherwise, any and all Released Claims against the Released Parties. The defendants are forever barred and enjoined from asserting, alleging, instituting, commencing, prosecuting, or continuing, either directly,

derivatively, or otherwise, any and all Released Defendants' Claims against the Releasing Parties.

10. Plaintiffs' Counsel are hereby awarded attorneys' fees and reimbursement of expenses in the aggregate amount of $5.25 million, to be paid in accordance with the terms of the Stipulation.

11. Lerach Coughlin Stoia Geller Rudman & Robbins LLP is hereby designated as Plaintiffs' Lead Counsel to enable the efficient effectuation of the settlement.

12. Plaintiffs' Lead Counsel is hereby given the authority to distribute the fee and expense award among Plaintiffs' Counsel in a manner which they in good faith believe reflects the contributions of such counsel to the prosecution and settlement of the Action.

13. This Order and Final Judgment, the Stipulation and Settlement, and any and all negotiations, papers, writings, statements, and/or proceedings related to the Settlement are not, and shall not in any way be used or construed as:

(a) an admission or concession by any of the defendants of any liability or wrongdoing of any kind, or the amount of any liability or wrongdoing of any kind; or

(b) an admission or concession on the part of the plaintiffs that any of the claims asserted in the Action are without merit.

14. In the event that the Settlement does not become final and effective in accordance with the terms and conditions set forth in the Stipulation, then this Order and Final Judgment shall be rendered null and void and be vacated and the Settlement and all

orders entered in connection therewith shall be rendered null and void, and the parties shall be returned to their respective positions immediately prior to the execution of the Stipulation.

15. Jurisdiction is reserved over all matters relating to the consummation of the Settlement. This reservation of jurisdiction does not affect in any way the finality of this Order and Final Judgment.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


DATED: September 6, 2007         s/ John R. Tunheim
at Minneapolis, Minnesota.        JOHN R. TUNHEIM
       United States District Judge